In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of GERALD A. SMITH, Respondent, v ROSALIND G. SMITH, Appellant. [903 NYS2d 758]—

Malone Jr., J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered October 21, 2009, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's motion to vacate a prior order of support.

Respondent moved to vacate a July 2006 order on the ground that the Support Magistrate was without jurisdiction to direct her to "turn over" to petitioner the monthly adoption subsidy she received for the care of her adoptive son, Gerald A. Smith, during the time that he was placed in foster care. Family Court denied that motion and we affirm.

A plain reading of petitioner's support petition reveals that it sought "an order of support pursuant to [Family Ct Act § 413], directing [r]espondent to furnish such support as shall be deemed fair and reasonable." The resulting July 2006 order stated that respondent was "the non-custodial party, whose pro rata share of the basic child support obligation is the amount of the monthly adoption subsidy" (*see* Family Ct Act § 413 [1] [b] [1]), and that she was required to "turn over the amount of the adoption subsidy for Gerald [to petitioner] for reimbursement of the cost of the child's care." The decretal paragraph then ordered that "the adoption subsidy for [the child] be paid monthly from May 2006 to [petitioner] through the Support Collection Unit." Although, as Family Court noted, the determination of the amount of respondent's support obligation may have been improperly calculated, such error did not deprive the Support Magistrate of jurisdiction to enter the order directing the payment of support by respondent (*see* Family Ct Act §§ 411, 439). Accordingly, based upon a review of the record presented to this Court, we cannot say that Family Court abused its discretion in denying respondent's motion to vacate the order of support.

Cardona, P.J., Mercure, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.